IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KITSCH LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br>v.<br><br>BLUE HILLS & CO. LLC, a Massachusetts limited liability company, d/b/a SPACEAID,<br><br>       Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Kitsch LLC, ("Kitsch") for its design patent infringement Complaint against Defendant Blue Hills & Co. LLC d/b/a SpaceAid ("SpaceAid") alleges as follows:

**NATURE OF SUIT**

1. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. Kitsch is a leading producer of consumer beauty products. One of its unique designs is the Self-Draining Shower Caddy. SpaceAid also sells shower caddies, but instead of innovating its own design, it copied Kitsch's unique design for the Self-Draining Shower Caddy as shown in Exhibit 1 ("Infringing Products"). Below is an example Kitsch Self-Draining Shower Caddy next to an example infringing SpaceAid shower caddy.

| Kitsch Self-Draining Shower Caddy | SpaceAid Infringing Shower Caddy |
|---|---|
|  | |

3.	Kitsch is forced to file this action to combat SpaceAid's infringement of Kitsch's patented design, as well as to protect innocent consumers from purchasing Infringing Products. Kitsch has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of SpaceAid's actions and seeks injunctive and monetary relief.

## THE PARTIES

4.	Kitsch is a limited liability company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

5.	Kitsch is the exclusive licensee with the right to sue of the attached U.S. Design Patent, U.S. Patent No. D1,025,647. A true and correct copy of this patent is attached hereto as Exhibit 2 ("Kitsch's Patent").

6.	On information and belief, SpaceAid is a limited liability company organized under the laws of Massachusetts, having a principal place of business at 305 Constitution Drive,

Taunton, Massachusetts, 02780 that owns and/or operates one or more e-commerce stores and/or e-commerce listings.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 100, *et seq*. This court has subject matter jurisdiction pursuant to, 28 U.S.C. §§ 1331 and 1338(a).

8. This Court may properly exercise personal jurisdiction over SpaceAid because it regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. This Court also has personal jurisdiction over SpaceAid because, on information and belief, it derives revenue from goods and services sold to persons or entities in this District and commits acts of infringement in this District, including but not limited to offering to sell and selling products that infringe Kitsch's Patent at issue in this lawsuit.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 as SpaceAid maintains a regular place of business in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to offering to sell and selling products that infringe Kitsch's Patent at issue in this lawsuit.

## BACKGROUND

10. Kitsch sells their Self-Draining Shower Caddy on e-commerce platforms such as Amazon and its own website, which embody and practice Kitsch's Patent. Kitsch's Self-Draining Shower Caddy is well established and enjoys quality customer reviews and high ratings.

11. Kitsch has not granted a license or any other form of permission to SpaceAid to practice Kitsch's Patent.

12. SpaceAid, without any authorization or license from Kitsch, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or

3

use Infringing Products that read on Kitsch's Patent, and continue to do so. SpaceAid's Amazon listings and SpaceAid's e-commerce site ("spaceaidhome.com") offer shipping within the United States, including Massachusetts, and, on information and belief, SpaceAid has Infringing Products that read on Kitsch's Patent in the United States, including Massachusetts.

13. SpaceAid's infringement of the Kitsch's Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

14. SpaceAid's infringement of Kitsch's Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Massachusetts, is irreparably harming Kitsch.

## COUNT I: DESIGN PATENT INFRINGEMENT

15. Kitsch incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

16. SpaceAid offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in Kitsch's Patent, i.e., the ornamental design for a shower caddy. To an ordinary observer, SpaceAid's Infringing Products would be substantially the same as the patented design, as exemplified below:



17. SpaceAid has infringed Kitsch's Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. SpaceAid's infringing conduct has caused Kitsch to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Kitsch is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

18. Unless a preliminary and permanent injunction is issued enjoining SpaceAid from infringing Kitsch's Patent, Kitsch will continue to be irreparably harmed.

19. Kitsch is entitled to recover damages adequate to compensate for the infringement, including SpaceAid's profits pursuant to 35 U.S.C. § 289. Kitsch is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **REQUEST FOR RELIEF**

WHEREFORE, Kitsch prays for a judgment against SpaceAid as follows:

1) That SpaceAid, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Kitsch that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in Kitsch's Patent;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Kitsch's Patent; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Kitsch's request, those in privity with SpaceAid and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Dhgate, and spaceaidhome.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing and Yahoo (collectively, the "Third

Party Providers") shall:

    a. disable and cease providing services being used by SpaceAid, currently or in the future, to engage in the sale of goods that infringe Kitsch's Patent; and

    b. disable and cease displaying any advertisements used by or associated with SpaceAid in connection with the sale of infringing goods using Kitsch's Patent.

3) That Kitsch be awarded such damages as it shall prove at trial against SpaceAid that they are adequate to compensate Kitsch for infringement of, including and not limited to all of the profits realized by SpaceAid, or others acting in concert or participation with SpaceAid, from SpaceAid's infringement of Kitsch's Patent.

4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

5) That Kitsch be awarded its reasonable attorneys' fees and costs; and

6) Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Kitsch hereby demands a trial by jury on all issues so triable.

                                    Respectfully Submitted,

Date: July 1, 2024                /s/ *John L. Strand*
                                    John L. Strand (BBO #654985)
                                    jstrand@wolfgreenfield.com
                                    WOLF, GREENFIELD & SACKS, P.C.
                                    600 Atlantic Avenue
                                    Boston, MA 02210
                                    617.646.8000 Phone
                                    617.646.8646 Fax

                                    Mark A. Cantor (p*ro hac vice* application to be filed)
                                    mcantor@brookskushman.com
                                    BROOKS KUSHMAN
                                    150 W. Second St., Suite 400N
                                    Royal Oak, MI  48067-3846
                                    248.226.2747 Phone

                                    *Counsel for Kitsch LLC*